IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BRIAN K. SCHESSLER,

                                             ORDER

               Petitioner,

                                 08-cv-19-jcs

       v.

MATTHEW J. FRANK, KATHRYN
ANDERSON, JUDY P. SMITH, LIEUTENANT
THOMAS TESS, RUTH TRITT, WILLIAM J.
SCHIDER and DALE PIERCE,

              Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Because Judge Shabaz will be convalescing from shoulder surgery for a period of not

less than sixty days beginning February 1, 2008, I have assumed administration of the cases

previously assigned to him, including this one.   This is a proposed civil action brought

pursuant to 42 U.S.C. § 1983.  Judge Shabaz granted petitioner's request to proceed in

forma pauperis.  Petitioner paid his initial partial payment in accordance with 28 U.S.C. §

1915.  Because petitioner is a prisoner, I am required under the 1996 Prison Litigation

Reform Act to screen his complaint and dismiss any claims that are legally frivolous,

malicious, fail to state a claim upon which relief may be granted or asks for money damages

1

from a defendant who by law cannot be sued for money damages.  28 U.S.C. §§ 1915 and 1915A.

In addressing any pros se litigant's complaint, the court must read the allegations of the complaint liberally.  Haines v. Kerner, 404 U.S. 519, 521 (1972).  Although this court will not dismiss petitioner's case sua sponte for lack of administrative exhaustion, if respondents can prove that petitioner has not exhausted the remedies available to him as required by § 1997e(a), they may allege his lack of exhaustion as an affirmative defense and argue it on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  See Massey v. Helman, 196 F.3d 727 (7th Cir. 1999); see also Perez v. Wisconsin Dept. of Corrections, 182 F.3d 532 (7th Cir. 1999).

In his complaint petitioner alleges the following facts.

ALLEGATIONS OF FACT

Petitioner is a prisoner at the Oshkosh Correctional Institution in Oshkosh, Wisconsin. Respondents Ruth Tritt and William J. Schider are mailroom staff.  Respondent Lieutenant Thomas Tess is the mailroom supervisor.  Respondent Judy P. Smith is the warden.  Respondent Matthew J. Frank was the Secretary of the Wisconsin Department of Corrections.  Respondent Kathryn Anderson is the Interim Chief Legal Counsel of the Department of Corrections.

On August 12, 2006, petitioner received legal mail from the Office of the Attorney General of Wisconsin.  The envelope was opened and retaped and was not stamped with "OPEN IN THE PRESENCE OF INMATE."  This was a violation of Department of Corrections policies and procedures.  Mailroom staff did not explain why this letter was opened outside petitioner's presence.

That same day petitioner filed an inmate complaint concerning the opening of his legal mail outside his presence.  On August 17 and 18, 2006, respectively, Inmate Complaint Examiner Jennifer Delauaux and respondent Judy Smith affirmed petitioner's complaint and referred it to respondent Thomas Tess, the mailroom supervisor, to address the problem with mailroom staff.

On December 28, 2006 petitioner received a letter from the Milwaukee County Family Court Commissioner.  The envelope was opened and retaped and was not stamped, "OPEN IN THE PRESENCE OF THE INMATE."  Mailroom staff gave no explanation why the letter was opened outside of petitioner's presence.

Petitioner  immediately filed an inmate complaint concerning this incident.  A Timothy Pierce, inmate complaint examiner, and respondent Judy Smith affirmed his complaint.  Smith  forwarded it to the mailroom supervisor to address with staff.

On January 3, 2007, petitioner wrote a letter to Matthew Frank, Secretary of the Department of Corrections, demanding an investigation into mail tampering.   On

3

February 2, 2007, Kathryn Anderson, Interim Chief Legal Counsel for the Department of Corrections, responded to petitioner's letter advising him to use the inmate complaint system. The next day petitioner received the letter. The envelope was opened and retaped. It was not stamped "OPEN IN THE PRESENCE OF THE INMATE."

On February 5, 2007, petitioner filed an inmate complaint concerning the February 3, 2007 opening of his legal mail. The inmate complaint examiner advised petitioner on February 8, 2007 that no error had occurred because the return address did not require the envelope to be opened in his presence. On February 20, 2007 plaintiff filed an appeal to the corrections complaint examiner, who affirmed the dismissal of the complaint. The Office of the Secretary also affirmed the dismissal of the complaint. Petitioner received these decisions in a sealed envelope.

Respondents Tritt and Schider belonged to Local FLO-CIO Union 3409. Respondent Dale Pierce was the president of the union

OPINION

Liberally construing petitioner's complaint, I understand him to be alleging that on three separate occasions, respondents Tritt and Schider opened his legal mail outside his presence. He does not allege that respondents Thomas Tess, Matthew Frank, Kathryn Anderson, Judy Smith and Dale Pierce knew about the alleged incidents until after they

4

occurred.  Liability under § 1983 arises only through a respondent's personal involvement in a constitutional violation.  Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995); Del Raine v. Williford, 32 F.3d 1024, 1047 (7th Cir. 1994).   Only persons who cause or participate in a constitutional violation are responsible.  Particularly where, as here, the incident is over by the time the complaint is filed, deciding whether the complaint should be dismissed or affirmed does not cause or contribute to the violation.  George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007).

I turn then to petitioner's claim that respondents Tritt and Schider opened legal mail outside his presence.  Prisoners have a limited First Amendment interest in their mail. Martin v. Brewer, 830 F.2d 76, 77 (7th Cir. 1987).  As a general rule, inmate mail can be opened and read outside the inmate's presence, but legal mail is subject to somewhat greater protection.  Although prison officials may open a prisoner's legal mail in his presence, Wolff v. McDonnell, 418 U.S. 539, 577 (1974), repeated instances of opening a prisoner's legal mail outside his presence are actionable.  Antonelli v. Sheahan, 81 F.3d 1422, 1431-32 (7th Cir. 1996) (allegations that legal mail was repeatedly opened and sometimes stolen stated claim); Castillo v. Cook County Mail Room Dept., 990 F.2d 304, 306-07 (7th Cir. 1993) (allegation that prisoner's legal mail was opened outside his presence stated a claim).  The extra protections afforded legal mail are reserved generally for privileged correspondences between inmates and their attorneys.  Wolff, 418 U.S. at 574; Antonelli, 81 F.3d at 1432.

5

The protections do not extend to court orders as a general rule. <u>Martin v. Brewer</u>, 830 F.2d 76. 78 (7th Cir. 1987) ("[W}ith minute and irrelevant exceptions all correspondence from a court to a litigant is a public document, which prison personnel could if they want inspect in the court's files.") It is the confidential nature of the relationship between a lawyer and client that affords the special treatment for legal mail.

Thus, I must decide first whether the mail opened outside petitioner's presence constitutes legal mail protected under the Constitution. I agree with the inmate complaint examiner that the February 2, 2007 letter from Kathryn Anderson with a return address of the Department of Corrections was not privileged mail. This mail was not from petitioner's attorney and, in fact, was nothing more than a directive that petitioner use the inmate complaint system.

Petitioner does not describe the contents of the envelopes from the Office of the Attorney General and the Milwaukee County Family Court Commissioner. If these envelopes contained documents related to court cases, they would be matters of public record. Even if the envelopes contained privileged information which should have been opened in petitioner's presence, the incidents were isolated. One incident occurred in August of 2006 and one occurred in December, four months later. The court of appeals has held that the First Amendment is violated only by repeated incidents, suggesting ongoing, intentional behavior. <u>Castillo</u>, 990F.2d at 306. Isolated incidents are not sufficient to state

6

a claim.  Therefore, petitioner's allegations that respondents violated his First Amendment rights fail to state a claim upon which relief may be granted.

To the extent that petitioner may be alleging that respondents Tritt and Schider violated state statutes or Department of Corrections policies and procedures when they opened his mail, his claims are claims of possible state law violations that he is free to raise in state court.

In summary, because petitioner has not alleged any facts in his complaint that could be construed liberally to make out a claim under the First Amendment, and because this court does not have jurisdiction to hear his claims under state law, I must deny his request for leave to proceed in forma pauperis and dismiss this case for failure to state a claim upon which relief may be granted in federal court.

ORDER

IT IS ORDERED that:

1. Petitioner Brian Schessler's's request for leave to proceed in forma pauperis on his First Amendment and state law claims is DENIED and this case is DISMISSED with prejudice for petitioner's failure to state  claim upon which relief may be granted;

2. The unpaid balance of petitioner's filing fee is $333.65; this amount is to be paid in monthly payments according to 28 U.S.C. § 1915(b)(2);

3. A strike will be recorded against petitioner pursuant to § 1915(g); and

4. The clerk of court is directed to close the file.

Entered this 15th day of February, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

8